**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4320**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY DEVONTE WHITE EVERETTE, a/k/a Tony Devonta Everette,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00234-WO-1)

Submitted:  August 14, 2021                    Decided:  August 26, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Devonte White Everette pled guilty to two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Everette below the Sentencing Guidelines range to a sentence of 96 months' imprisonment and Everette now appeals. Everette's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence is reasonable. Everette has filed a supplemental pro se brief arguing that the district court erred by accepting his guilty plea. We affirm.

Because Everette neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Everette "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). In the guilty plea context, a defendant can establish that an error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. *Sanya*, 774 F.3d at 816.

Prior to accepting a guilty plea, "a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is

offered." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1)(G). Here, the district court failed to ensure that Everette understood that, with respect to the § 922(g)(1) offenses, "the Government must prove both that [Everette] knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). This error satisfies the first two prongs of the plain error test. *See Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021).

We have thoroughly reviewed the record and conclude that the district court did not reversibly err in accepting Everette's guilty plea because the error did not affect his substantial rights. Everette fails to advance "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. Accordingly, he has not "carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different" but for the district court's error. *Id.*; *see also Sanya*, 774 F.3d at 816.

Turning to Everette's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence,

3

evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the district court did not commit procedural error, and Everette fails to rebut the presumption that his sentence is substantively reasonable. The district court properly calculated his Guidelines range and reasonably determined that a sentence below Everette's Guidelines range was appropriate in this case.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Everette, in writing, of the right to petition the Supreme Court of the United States for further review. If Everette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Everette.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*